UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> -against- <br> DAMION DOYLE, <br><br> Defendant. | 26MAG520 (RFT) <br><br> **ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

I conclude that the Government has not met its burden of (a) showing by clear and convincing evidence that there are no conditions that can reasonably ensure the safety of the community if Defendant is released or (b) showing by a preponderance that there are no conditions that can reasonably ensure Defendant's appearance as required. In making this determination, I considered, among other factors, the nature and circumstances of the offense charged, the weight of the evidence, Defendant's history and characteristics, and the seriousness of any danger Defendant would pose if released.

As to danger, the circumstances of the charged offense are not such that they provide clear and convincing evidence that Defendant would be a danger if released on appropriate conditions: while there is strong evidence that Defendant, a convicted felon, possessed a weapon, which is certainly concerning, based on the AUSA's description of the Government's investigation to date, I cannot conclude there is solid evidence that Defendant discharged the weapon on the day of the incident. Nor does Defendant's history provide clear and convincing evidence that he would be a danger if released on appropriate conditions: while Defendant has previously pleaded guilty to attempted Hobbs Act robbery, he did so about ten years ago, which decreases the concern that past dangerous behavior makes him likely to pose a danger if released on conditions now; and, similarly, that Defendant committed that attempted Hobbs Act robbery while out on bail on a state weapons possession charge a decade ago, while troubling, does not constitute clear and convincing evidence that Defendant would be danger to the community if released on bail now.

As to risk of flight, while the Government noted that six arrest warrants were previously issued for Defendant, those warrants all dated from over a decade ago, and so they provide only weak evidence of risk of flight. As a countervailing consideration, Defendant's long-term romantic partner is from New York, which provides a strong tie to the community and therefore reduces Defendant's risk of flight, particularly with appropriate conditions. Defendant's need for continuing medical care for the gunshot wound to his arm is another factor that decreases his risk of flight.

For the foregoing reasons, I conclude that the bail conditions stated on the record are the least restrictive conditions that I believe will reasonably ensure Defendant's appearance as required and the safety of the community.

DATED:  February 21, 2026
       New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge